UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 0:22-cv-61291-AHS

DRY TECH 24/7, INC.,

    Plaintiff,

v.

THE CLOROX COMPANY,
a foreign corporation

    Defendant.
_____/

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff, DRY TECH 24/7, INC., by and through its undersigned hereby files its Response to Defendants Clorox Company (Clorox) [ECF No. 59] and Essendant Corp's (Essendant) [ECF No. 60] Motions to Dismiss and would show:

### I.    INTRODUCTION

In the laws of mathematics, there is a theorem known as the Transitive Property of Equality which states that for real numbers x, y, and z, if x=y and y=z, then x=z. When this theorem is applied to the present case, it can be restated thus: A contract is required for Dry Tech to obtain Clorox goods, whether they are obtained from Clorox, Essendant, or both. Dry Tech obtained Clorox goods from Clorox, Essendant, or both. Therefore, under the Transitive Property of Equality, Dry Tech had a contract to obtain the Clorox goods (i.e., distributor access agreement).

Ordinarily, it is the Plaintiff and not the Defendant who chooses the basis upon which suit is brought. Clorox has throughout this case done everything in its power to convince the Court that the quasi-contractual relationship between Dry Tech and Clorox was one of a sales/purchase nature. It is not and never has been.

1

Rather, the relationship between Plaintiff and Clorox has been one where Dry Tech had a distribution agreement with Clorox enabling Plaintiff to purchase from Essendant, Clorox's national distributor, but where Clorox had complete control of product allocation to Plaintiff, notwithstanding Plaintiff's contractual obligation to purchase a monthly threshold amount of Clorox products through Essendant – to the point that Plaintiff could not meet the contractual threshold due solely to decisions made by Clorox. Thus, the quasi-contractual relationship between Dry Tech and Clorox was essentially one of an access to products. Clearly, as the attachments to both the Amended Complaint and proposed Second Amended Complaint demonstrate, it was Clorox, and not Essendant, who was making the decisions related to the allocation of the products which would, or in this case would not, be made available for Plaintiff to purchase.

The nature of both prior Motions to Dismiss filed by Clorox is premised upon its unending attempt to shift the nature of the quasi-contractual relationship between itself and Dry Tech to one of a sales/purchase nature to achieve the application of its cited caselaw, presumably because Clorox has not found caselaw to support its position should the relationship between the parties be determined to not be one of sales/purchase as pled by the Plaintiff.

In its third Motion to Dismiss, nothing has changed relative to Clorox' arguments. In fact, other than a couple of inapplicable arguments directed towards Count I of the Second Amended Complaint, Clorox's Motion is effectively identical to its Motion to Dismiss the First Amended Complaint.

## II.     DISMISSAL STANDARD

When considering a motion to dismiss, the court must accept all of Plaintiff's allegations as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984). Further, to survive a motion to dismiss, the complaint must contain facts that accepted as true, state

a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). "A claim has facial plausibility when Plaintiff pleads factual content that allows the Court to draw the reasonable inference that Defendant is liable for the misconduct alleged." *Id*. At the Motion to Dismiss stage, the Court does not decide whether or not the Plaintiff will ultimately prevail. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Instead, the Court looks to whether the defendant is given fair notice of the claims against it. *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010). Plaintiff has met this threshold and, therefore, Defendant's Motion must be denied.

### III. ARGUMENT

#### A. COUNTS I, II AND V

In *Tracfone Wireless, Inc. v. Simply Wireless*, 275 F. Supp. 3d 1332, 1342 (S.D. Fla. 2017), Judge Turnoff, and subsequently Judge Moreno, stated:

> Under Florida law, a contract implied-in-fact is an enforceable contract. It is based on an implicit promise, one that is inferred in whole, or in part, from the parties' conduct. *Tara Prods. v. Hollywood Gadgets, Inc.*, 2010 WL 1531489, at *5-6, 2010 U.S. Dist. LEXIS 37889, at *15 (S.D. Fla. Apr. 16, 2010) (citing *Commerce P'ship 8098 Ltd. P'ship v. Equity Contracting Co.*, 695 So.2d 383, 386 (Fla. 4th DCA 1997) ). Typically, in these contracts, the parties have in fact entered into an agreement, but without sufficient clarity, so a fact finder must examine and interpret their conduct to define their unspoken agreement. Id. ] (citing *Tooltrend, Inc. v. CMT Utensili, SRL*, 198 F.3d 802, 806 (11th Cir. 1999) ). "An implied contract requires the same elements as an express contract, and differs only in the parties' method of expressing mutual consent." *Smith v. Casey*, 2014 WL 11878422, at *4 (S.D. Fla. 2014) (quoting *Merle Wood & Assocs., Inc. v. Trinity Yachts, LLC*, 857 F.Supp.2d 1294, 1304 (S.D. Fla. 2012).
>
> Lastly, Simply's assertion that it never consented to the terms is a factual dispute that cannot properly be resolved by the Court at this stage in the pleadings. *Page v. Postmaster Gen.& Chief Exec. Officer of the United States Postal Serv.*, 493 Fed.Appx. 994, 995–96 (11th Cir. 2012) (citing to *Chappell v. Goltsman*, 186 F.2d 215, 218 (5th Cir.1950) ("In adjudicating a motion to dismiss, the district court may not resolve factual disputes.")).
>
> Although "[i]t is generally true that equitable remedies are not available under Florida law when adequate legal remedies exist . . . that rule does [**16] not apply to unjust enrichment claims." *Marty v. Anheuser-Busch Cos., LLC*, 43 F. Supp. 3d 1333, 1349 (S.D. Fla. 2014)

(O'Sullivan, M.J.) (quoting In re Horizon Organic Milk, 955 F. Supp. 2d 1311, 1337 (S.D. Fla. 2013) (Lenard, J.)). In other words, TracFone's unjust enrichment claim is not barred by the mere existence of adequate legal remedies. See Marty, 43 F. Supp. 3d at 1349. Unjust enrichment can be pled as an alternative to any other [*1342] remedy under an express agreement. See Fed. R. Civ. P. 8(a)(3); *Muzuco v. Re$ubmitIt, LLC*, 2012 U.S. Dist. LEXIS 110373, at *20-22 (S.D. Fla. Aug. 7, 2012) (holding that although the plaintiff cannot recover under both legal and equitable theories, the plaintiff's unjust enrichment claim will not be dismissed at the motion stage).[1]

An implied covenant of good faith and fair dealing is recognized in every contract under Florida law. *Southern Internet Systems, Inc. ex.re. Menotte v. Pritula*, 856 So. 2d 1125, 1127 (Fla. 4th DCA 2003). "[T]he implied covenant of good faith and fair dealing is designed to protect the contracting parties' reasonable expectations." *Sepe v. City of Saf. Harbor*, 761 So. 2d 1182, 1185 (Fla. 2d DCA 2000) (citations omitted). There is an obligation of good faith and fair dealing amongst the parties of a contract and "if the promise is not expressed by its terms in the contract, it will be implied." *Share v. Broken Sound Club, Inc.*, 312 So. 3d 962, 969 (Fla. 4th DCA 2021) (citations omitted); *see also*, Restat 2d of Contracts, § 205 ("Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement.").

It is axiomatic to note that in making its argument that the two Implied in Fact contract counts fail because Plaintiff is asking the Court to rewrite the contract, Clorox appears to admit the existence of a contract between itself and Plaintiff. [ECF No. 59 p.7], which argument is inapposite to Clorox' posture in its Motion to Dismiss the initial Complaint in this action.

Defendant asserts that a contract for the sale of goods for the price of $500 or more must be in writing and signed by the party against whom enforcement is sought and Plaintiff agrees. However, the agreement at issue in this case is the distributor access agreement, not a contract for the sale of goods. The distributor access agreement in this case granted Plaintiff permission to

---

[1] While the *Tracfone* case dismissed the Good Faith and Fair Dealing Claim, the facts of the case as relate to that cause of action are distinguishable from those here, and moreover, the grounds upon which Clorox moves to dismiss the count have no applicability to the ruling in *Tracfone* on this claim.

purchase Clorox products from Essendant to resell to companies and municipalities. [ECF No. 45-1 ¶ 18]. Therefore, the statute of frauds does not apply in this case.

### B. COUNT III

A properly stated claim for promissory estoppel under Florida law requires "(1) a promise made by a promisor; (2) which the promisor should reasonably expect to induce action or forbearance on the part of the promise; (3) that in fact induced such action or forbearance; and that (4) injustice can be avoided only by enforcing the promise." *Adria MM Productions, Ltd. V. Worldwide Entertainment Group, Inc.*, 2018 U.S. Dist. LEXIS 152191, at *8 (S.D. Fla. Sept. 6, 2018). Contrary to Defendant's assertions, Plaintiff has properly alleged that Clorox promised Dry Tech distribution rights to resell Clorox products; Clorox should have reasonably expected Dry Tech to generate business based on the promise; that based on the promise Dry Tech did accept purchase orders, deposits on those orders, and paid commissions on those orders; and that injustice can only be avoided by enforcing Clorox's promise.

### C. COUNT IV

Plaintiff has successfully alleged each element for a tortious interference claim as required under Florida law. (See *Dick's Sporting Goods, Inc. v. Forbes/Cohen Fla. Props., L.P.*, 2020 U.S. Dist. LEXIS 54722, at *6 (S.D. Fla March 30, 2020). Clorox claims that the independent tort doctrine bars the claim for tortious interference with business relationship. Clorox argues Plaintiff's claim in tort fails because it is not independent of Plaintiff's breach of contract claim. This contention is curious as Clorox made it clear in its Motion that it believes no contract exists between the Plaintiff and Defendant. Defendant is trying to have it both ways. On one hand, Defendant argues Plaintiff does not have a breach of contract claim because no contract exists, but

on the other hand, argues that Plaintiff does not have a claim in tort because Plaintiff has recourse via a breach of contract claim.

Defendant also fails to recognize that Fed. R. Civ. P. 8(a)(3) provides Plaintiff the right to plead in the alternative. *Caribbean Airmail, Inc. v. Norjay Enters., L.L.C.*, 2009 U.S. Dist. LEXIS 144168, a *9 (S.D. Fla. July 21, 2009).  In addition, Defendant claims that Plaintiff did not allege that there was direct interference on the part of Defendant. Whether or not the interference was direct or indirect is not ripe at this stage.

### D. **COUNT VI**

As it did in its Motion to Dismiss the First Amended Complaint, Clorox once again footnotes that Plaintiff misunderstands the allocation process and that it is Essendant with whom Plaintiff has a relationship. Conversely, and not surprisingly, Essendant takes the opposite position and asserts there is no contractual or quasi-contractual relationship between itself and Plaintiff.

Moreover, Essendant deliberately mischaracterizes the allegations asserted by Plaintiff in Paragraphs 89 and 90 of the Second Amended Complaint it its so-called "Statement of Facts". In Paragraphs A and C of the Statement of Facts, Essendant removes itself from the allegations as actually pled by Plaintiff and then proceeds to base its legal arguments upon the misstated "facts" upon which it relies. However, as Clorox noted in its arguments, Essendant does not get to rewrite Plaintiff's allegations in the Complaint. Dry Tech has alleged the essential elements of a breach of contract.

### IV.   CONCLUSION

The interests of justice require denying the motions to dismiss and that the puppeteers (Clorox/Essendant) should not be allowed to manipulate the parties and proceedings and be required to file answers with their affirmative defenses. Then discovery can commence, and they

can try to "prove" their alternative theory of the case. The Transitive Property of Equality allows for no other conclusion.

Dated: June 8, 2023

          **LAW OFFICES OF CHARLES EISS, P.L.**
          *Attorneys for Plaintiff*
          7951 SW 6th Street, Suite 112
          Plantation, Florida 33324
          (954) 914-7890 (Telephone)
          (855) 423-5298 (Facsimile)

By: **/s/ Charles Eiss**
          CHARLES M. EISS, Esq.
          Fla. Bar #612073
          Chuck@icelawfirm.com
          JORGE M. GONZALEZ, Esq.
          Fla. Bar #1038146
          jorge@icelawfirm.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 8th day of June, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Charles Eiss
CHARLES EISS, ESQ.

<u>SERVICE LIST</u>
**United States District Court**
**Southern District of Florida**
*Dry Tech 24/7, Inc. v. The Clorox Company*
CASE NO.: 0:22-cv-61291-AHS

Charles M. Eiss, Esq.
Florida Bar No. 612073
Email: Chuck@icelawfirm.com
Jorge M. Gonzalez, Esq.
Florida Bar No. 1038146
Email: Jorge@icelawfirm.com
**LAW OFFICES OF CHARLES EISS, P.L.**
7951 SW 6th Street, Suite 112
Plantation, Florida 33324
Tel: (954) 914-7890
Fax: (855) 423-5298

*Attorneys for Plaintiff*


Spencer H. Silverlate, Esq.
E-mail: ssilverglate@cspalaw.com
E-mail: mpedraza@cspalaw.com
E-mail: acastro@cspalaw.com
Craig Salner, Esq.
Florida Bar No.: 669695
E-mail: csalner@cspalaw.com
E-mail: smunguia@cspalaw.com
Maria J. Londono, Esq.
Florida Bar No.: 1011034
E-mail: mlondono@cspalaw.com
E-mail: jbarrera@cspalaw.com
**CLARKE SILVERGLATE, P.A.**
799 Brickell Plaza, Suite 900
Miami, Florida 33131
305.377.0700 (Tel)
305.377.3001 (Fax)

*Attorneys for Defendant*

Method of Service: CM/ECF