IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DRY TECH 24/7, INC.,　　　　　　　　　　　　　　Case No. 22-cv-61291-AHS

　　　　Plaintiff,

v.

THE CLOROX COMPANY,
a foreign corporation,

　　　　Defendant.
_____

**CLOROX'S REPLY TO PLAINTIFF'S RESPONSE
TO MOTION TO DISMISS SECOND AMENDED COMPLAINT**

　　　　Defendant, The Clorox Company ("Clorox"), hereby replies to Plaintiff, Dry Tech 24/7, Inc.'s ("DryTech"), Response in Opposition to Clorox's Motion to Dismiss the Second Amended Complaint ("Response") [D.E. 66].

## Introduction

　　　　This Court held that DryTech's claims fail absent a duty by Clorox to supply DryTech with Clorox products. [D.E. 31 at 4]. DryTech's third iteration of its Complaint, like the prior versions, fails to plausibly allege such a duty, and nothing in DryTech's Response changes that ineluctable fact.

　　　　The Distributor Access Agreement (the "Agreement") on which DryTech relies approved DryTech as one of many distributors of Clorox products. By its plain terms, the Agreement does not require Clorox to allocate products to DryTech. The Agreement is unambiguous and leaves no room for interpretation.

　　　　As this Court has held, absent a duty by Clorox to supply DryTech with Clorox products, DryTech's claims fail. The case is now ripe for dismissal with prejudice.

**CLARKE SILVERGLATE, P.A.**

Case No. 22-cv-61291-AHS

**Argument**

**A. The Plain Language of the Agreement Defeats DryTech's Claims.**

DryTech asserts, and Clorox agrees, that "the relationship between [DryTech] and Clorox has been one where [DryTech] had a distribution agreement with Clorox enabling [DryTech] to purchase [Clorox products] from Essendant, Clorox's national distributor . . ." Response at 2. Not only has Clorox acknowledged the Agreement between the parties, it filed the template of the Agreement with its Motion to Dismiss. [D.E. 59, Ex. A]. This was necessitated by DryTech's tactical decision not to attach the Agreement to, or even quote its language in, its Complaint.

DryTech's Response does not dispute—or even address—that the template Agreement filed with Clorox's Motion to Dismiss is (a) accurate or (b) properly considered by the Court. *See* Local Rule 7.1(c)(1) (failure to respond to an argument may be deemed sufficient cause for granting the motion); *see also SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010) ("In ruling on a motion to dismiss, the district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged."); *Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1285 (11th Cir. 2007) (same).

The Agreement template[1] is reproduced verbatim on the next page.

---

[1] The 2020 Agreement template, also filed with Clorox's Motion to Dismiss, is similar.



**CLOROX T360 SYSTEM DISTRIBUTOR PROGRAM**
**PROGRAM PERIOD:** January 1, 2019 – December 31, 2019

**DISTRIBUTER NAME:** _____

**ADDRESS:** _____

**CITY:** _____ **STATE:** _____ **ZIP:** _____

**Clorox Total 360 System Program Requirements:**

1. Maintain an ongoing list of targeted customers for joint Clorox Zone Sales Manager/Broker and Distributor Sales Rep calls promoting Total 360 in the Education and Athletic Facility verticals, and others as approved by Clorox Zone Sales Manager.
2. Establish Total 360 Distributor Champion or Sponsor who will assist with end-user leads and vertical targeting.
3. Maintain and provide record of Total 360 tracking information. (Serial #, date of sale, customer location).
4. Provide access for Total 360 training sessions as needed.
5. <u>Sales from Distributor to End-User only</u>. This program is not valid for re-distribution purposes.
6. Distributor must ensure that Total 360 device is paired with only approved Clorox Total 360 chemistries.
7. Drive Core Assortment of Cleaning and Disinfecting products with a minimum combination of 10 sku's from these two bundles that include the following brands. See attached Bundle list.
   - ✓ Pine-Sol
   - ✓ Clorox Disinfecting Wipes
   - ✓ Tilex
   - ✓ Odor Defense
   - ✓ Urine Remover
   - ✓ Biostain and Odor Remover
8. Execute a minimum of two promotions a year on Cleaning and Disinfecting bundles.
9. Clorox Total 360 devices and solutions will be sourced from approved Clorox Redistribution.
10. Clorox Total 360 MAP (Minimum Advertised Price) policy and customer letter is attached.

**Clorox T360 System Distributor Terms:**

- Term Dates: January 1, 2019 through December 31, 2019.
- Clorox will perform a semi-annual review to confirm program compliance.
- Failure to meet program requirements may result in termination of the contract.
- Clorox may terminate this agreement at any time or for any reason by giving 30 days' notice.

_____   _____   _____
Distributor Account Representative   Distributor Account Representative   Date (MM/DD/YEAR)
(Printed Name)                                (Signature)

_____   _____   _____
Clorox Zone Sales Manager               Clorox Zone Sales Manager            Date (MM/DD/YEAR)
(Printed Name)                                (Signature)

The Agreement is unambiguous and subject only to one interpretation: it approved DryTech as a distributor of Clorox products subject to DryTech's compliance with certain requirements. By its plain terms, the Agreement did not require Clorox to allocate a specific quantity of products to DryTech, and no basis exists to imply such a requirement. *See Banks v. Cashcall, Inc.*, 188 F. Supp. 3d 1296, 1301 (M.D. Fla. 2016)("[I]f the terms of [a contract] are clear and unambiguous, a court must interpret the contract in accordance with its plain meaning, and, unless an ambiguity exists, a court should not resort to outside evidence or the complex rules of construction to construe the contract."); *see also New Mkt. Realty 1L LLC v. Great Lakes Ins. SE*, 2022 WL 17544856, at *3 (M.D. Fla. 2022) (a contract is ambiguous "only when the language at issue is reasonably susceptible to more than one interpretation.").

The Agreement defeats all of DryTech's claims, warranting their dismissal with prejudice.

### B. Even if the Agreement Terms Are Not Considered, the Allegations of the Complaint, Taken as True, Fail to State a Claim.

Realizing that the Agreement does not require Clorox to allocate a specific quantity of products, DryTech now claims that Clorox's distributor Essendant told DryTech that it had to purchase a minimum of $1,200 in products per month to maintain its distributorship. SAC ¶ 19. DryTech's argument—that Essendant's alleged statement somehow created a duty by Clorox to supply that quantity of products—fails based on DryTech's own allegations, *regardless of whether the Agreement terms are even considered*.

*First*, Essendant's alleged extracontractual statement, **which DryTech admits is not in the Agreement**, SAC ¶¶ 19, 60, cannot be used to alter the Agreement's unambiguous terms. *See MSP Recovery Claims, Series LLC v. QBE Holdings, Inc.*, 965 F. 3d 1210, 1218 (11th Cir. 2020) (courts "do not consider extrinsic or parol evidence to change the plain meaning set forth in [a] contract"); *Sembler Fam. P'ship No. 41, Ltd. v. Brinker Fla., Inc.*, 660 F. Supp. 2d 1307, 1313 (M.D. Fla.

2009) (the implied covenant of good faith and fair dealing[2] does not override express contractual terms); *Corwin v. Cristal Mizner's Pres. Ltd. P'ship*, 812 So. 2d 534, 536 (Fla. 4th DCA) ("it is axiomatic that the courts may not rewrite or add to the terms of a written agreement").

**Second,** an alleged minimum purchase requirement by DryTech to maintain its distributorship does not constitute consideration for Clorox to supply DryTech with products. The gist of DryTech's new, minimum purchase allegation is that it would have lost its distributorship if it did not make minimum purchases. Stated differently, DryTech does not contend that it would have been liable to Clorox in damages for failing to make minimum purchases. *See* Response at 4 ("However, the agreement at issue is a distributor access agreement, not a contract for the sale of goods. The distributor access agreement granted [DryTech] **permission** to purchase Clorox products from Essendant . . . .") (emphasis added). Absent mutuality of obligation, DryTech's imagined contract lacks consideration. *See Kuharske v. Lake Cnty. Citrus Sales*, 44 So. 2d 641, 643 (Fla. 1949) ("One of the fundamental principles of the law of contracts is that there must be mutuality of agreement and there can be no such mutuality when there is no common intention."); *Office Pavilion S. Fla., Inc. v. ASAL Prods, Inc.*, 849 So.2d 367, 370-71 (Fla. 4th DCA 2003), *reh'g denied*, 849 So. 2d 367 (Fla. 4th DCA 2003), *rev. denied*, 861 So.2d 428 (Fla. 2003) (contract in which distributor agreed to supply office chairs not supported by consideration in the form of a mutual promise even though distributor expended resources marketing the chairs); *See Balter v. Pan Am. Bank of Hialeah*, 383 So. 2d 256, 257 (Fla. 3d DCA 1980) ("No purported agreement can be valid which binds one party but not the other; in such a case there is a fatal lack of mutuality or

---

[2] DryTech did not respond to Clorox's argument that a breach of the implied covenant of good faith and fair dealing is not a standalone cause of action. *See Centurion Air Cargo, Inc. v. United Parcel Serv. Co.*, 420 F.3d 1146, 1151 (11th Cir. 2005) (while "every contract contains an implied covenant of good faith and fair dealing," a breach of this covenant—standing alone—"is not an independent cause of action"); Local Rule 7.1(c)(1) (failure to respond to an argument may be deemed sufficient cause for granting the motion).

reciprocity required to make an agreement binding on any party. Such mutuality of obligation is essential to the formation of a bilateral contract . . .").

***Third***, an alleged agreement by Clorox to "allocate" products to DryTech is no different than an agreement to "sell" products to DryTech. *See* https://merriam-websters.com/dictionary/allocate ("allocate" means "to apportion for a specific purpose or to particular persons or things: DISTRIBUTE"). Under the statute of frauds, contracts for the sale of goods exceeding $500 must be in writing. *See* § 672.201(1), Fla. Stat. (2021).[3] And a written agreement that does not specify quantity—as here—does not satisfy the statute of frauds. *See Office Pavilion S. Fla., Inc.*, 849 So.2d at 371 (finding distributor agreement which did not specify quantity barred by statute of frauds).

***Finally***, the allegation of a $1,200 monthly minimum purchase requirement is facially implausible. Since the Clorox Total 360 Machines cost DryTech ***$4,100 each***, SAC ¶ 21, a monthly purchase requirement of $1,200 would not even include one machine.

As this Court previously found, absent a duty by Clorox to allocate a specific quantity of products to DryTech, DryTech cannot state a plausible claim against Clorox—regardless of how artfully the claim is pled. Specifically, absent a duty by Clorox to allocate a specific quantity of products to DryTech, DryTech cannot state a claim for breach of implied contract, breach of the implied covenant of good faith and fair dealing, promissory estoppel, tortious interference, or unjust enrichment—each of which is based on Clorox's alleged failure to supply DryTech, through Clorox's distributor Essendant, with "enough products."

## Conclusion

For the foregoing reasons and those previously asserted, Clorox's Motion to Dismiss should be granted and the Second Amended Complaint dismissed with prejudice.

---

[3] The same is true for contracts that cannot be performed in one year. *See* § 725.01 Fla. Stat. (2021).

Case No. 22-cv-61291-AHS

Respectfully submitted,

CLARKE SILVERGLATE, P.A.
799 Brickell Plaza, Suite 900
Miami, FL 33131
Telephone: (305) 377-0700
Facsimile: (305) 377-3001

By: */s/ Spencer H. Silverglate*
    Spencer H. Silverglate
    Florida Bar No. 769223
    ssilverglate@cspalaw.com
    mpedraza@cspalaw.com
    Craig Salner
    Florida Bar No. 669695
    csalner@cspalaw.com
    smunguia@cspalaw.com
    Maria J. Londono, Esq.
    Florida Bar No. 1011034
    mlondono@cspalaw.com
    jsantana@cspalaw.com

*Counsel for Defendant The Clorox Company*

Case No. 22-cv-61291-AHS

# **CERTIFICATE OF SERVICE**

I certify that on this 21st day of June 2023, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record either by transmission of Notices of Electronic Filing generated by CM/ECF.

| | |
|---|---|
| Charles Merrill Eiss<br>chuck@icelawfirm.com<br>Shanna Marie Wall<br>shanna@icelawfirm.com<br>LAW OFFICES OF CHARLES EISS, P.L.<br>7951 SW 6th Street, Suite 112<br>Plantation, Florida 33324<br>T: (954) 914-7890<br>F: (855) 423-5298<br>*Counsel for Plaintiff* | Steven M. Appelbaum<br>Steven.appelbaum@saul.com<br>Javier J. Rodriguez<br>javier.rodriguez@saul.com<br>SAUL EWING LLP<br>701 Brickell Avenue, 17th Floor<br>Miami, FL 33131<br>T: (305) 428-4500<br>mia-ctdocs@saul.com;<br>tracy.alger@saul.com susan.brown@saul.com<br>*Counsel for Defendant, Essendant Co.* |

CLARKE SILVERGLATE, P.A.

By: */s/ Spencer H. Silverglate*
      Spencer H. Silverglate